UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **LAVONNE JINKS-UMSTEAD,**<br>Plaintiff,<br><br>v.<br><br>**GORDON ENGLAND,**<br>**SECRETARY OF THE NAVY,**<br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 99-2691 (GK/JMF) |

**MEMORANDUM ORDER**

This case was referred to me by Judge Kessler for the resolution of discovery disputes. Currently pending before me is the issue of whether defendant must produce certain documents, claimed to be privileged and submitted for *in camera* review, to plaintiff. Also before me is <u>Plaintiff's Motion to Require Defendant to File Privilege Log in Public Record and Memorandum of Points and Authorities in Support Thereof</u> [#322]. For the reasons stated herein and in accordance with this Memorandum Order, defendant need not produce any of the documents listed in its privilege log but must file the privilege log within 5 days of the date of this Order. If plaintiff believes that she has new arguments to advance in light of the privilege log, plaintiff will then have 10 days to submit any additional arguments regarding the privilege log and the documents described therein, and defendant will have 10 days to respond.

**I.     BACKGROUND**

In 1991, Lavonne Jinks-Umstead ("Jinks-Umstead" or "plaintiff") began working for the

Department of the Navy ("Navy" or "defendant"). In February 1997, she was assigned to work at Carderock as a Head Contracting Officer. At some point after her assignment to Carderock, the Navy decided to reduce the number of staff at that office. Defendant also removed plaintiff's supervisory status. Plaintiff claims that these restructuring decisions were discriminatory and retaliatory, in violation of Title VII of the Civil Rights Act. Defendant, however, maintains that the decisions were based on legitimate business reasons.

Many discovery issues have arisen in this matter. Currently ripe and ready for resolution is the issue of whether certain documents, submitted by defendant for *in camera* review, are protected from disclosure by the work-product and attorney-client privileges.

## II.     PRIVILEGES CLAIMED BY DEFENDANT

### A.     The Work-Product Privilege

The work-product privilege exists because "it is essential [to our adversarial system] that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." Hickman v. Taylor, 329 U.S. 495, 510-11 (1947). A lawyer's work product is reflected in "interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways. . . . Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own." Id. at 511.

Because of these important interests, Federal Rule of Civil Procedure 26(b)(3) provides that materials prepared in anticipation of litigation or for trial by an attorney or a party are protected from disclosure, and they may be subject to discovery only upon a showing of substantial need and undue hardship. Fed. R. Civ. P. 26(b)(3). Moreover, even if the work-product privilege yields to a

showing of need, the court must still protect the "mental impressions, conclusions, opinions, or legal theories of an attorney." Id. See also Tax Analysts v. Internal Revenue Serv., 117 F.3d 607, 619 (D.C. Cir. 1997).  These materials, known as opinion work product, "are entitled to special protection and require a stronger showing of necessity to justify release . . . although the precise contours of this showing have not been resolved." Byers v. Burleson, 100 F.R.D. 436, 439 (D.D.C. 1983) (citing Fed. R. Civ. P. 26(b)(3) and Upjohn Co. v. United States, 449 U.S. 383, 400-01 (1981)). See also In re Sealed Case, 856 F.2d 268 (D.C. Cir. 1988).

In reviewing documents claimed to be protected by the work-product privilege, the court must determine "whether, in light of the nature of the document or the factual situation in a particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation." Equal Employment Opportunity Comm'n v. Lutheran Soc. Servs., 186 F.3d 959, 968 (D.C. Cir. 1999) (emphasis added). See also Nesse v. Pittman, 202 F.R.D. 344, 349 (quoting In re Sealed Case, 146 F.3d 881, 884 (D.C. Cir. 1998)).  As I have previously noted, "the concept of 'in anticipation of litigation' contains two related, but nevertheless distinct, concepts.  One is temporal.  The other is motivational." Athridge v. Aetna Cas. & Sur. Co., 184 F.R.D. 181, 189 (D.D.C. 1998) (quoting Edna Selan Epstein, The Attorney-Client Privilege and the Work-Product Doctrine 314).

**B.     The Attorney-Client Privilege**

In this Circuit, "the attorney-client privilege is narrowly circumscribed to shield from disclosure only those communications from a client to an attorney made in confidence and for the purpose of securing legal advice." Athridge v. Aetna Cas. & Sur. Co., 184 F.R.D. 200, 204 (D.D.C. 1998). See also Tax Analysts, 117 F.3d at 618; In re Sealed Case, 737 F.2d 94, 98 (D.C. Cir. 1984).

The privilege extends to "communications from attorneys to their clients if the communications 'rest on confidential information obtained from the client'" and therefore tends to disclose it. Tax Analysts, 117 F.3d at 618 (quoting In re Sealed Case, 737 F.2d at 99 and citing Mead Data Central, Inc. v. United States Dep't of Air Force, 566 F.2d 242, 254 (D.C. Cir.1977)).

### III.   COURT RULINGS

I have summarized my rulings in the following charts. The first chart indicates the abbreviations I have utilized when determining whether each document is protected by the privilege or privileges defendant has asserted. The second chart contains my determinations as to each document produced for *in camera* review.

| Abbreviated Notation | Explanation |
|---|---|
| Not for Trial | Based on information provided by defendant, the document cannot fairly be said to have been prepared or obtained because of the prospect of litigation or for trial. Defendant's claim of work-product privilege is denied. |
| Opinion Work Product | Document can fairly be said to have been prepared for trial or in anticipation of litigation, and it reflects counsel's mental impressions. Defendant's claim of work-product privilege is sustained. |
| Ordinary Work Product/No Substantial Need | Document can fairly be said to have been prepared for trial or in anticipation of litigation, but it does not reflect counsel's mental impressions. It is clear from the document that plaintiff cannot make a showing of substantial need because the document conveys trivial information. Defendant's claim of work-product privilege is sustained. |
| Not Confidential | Document does not disclose information that the client intended to be confidential. Defendant's claim of attorney-client privilege is denied. |
| Does Not Seek Legal Advice | There is no indication that the document reflects communications made by the client for the purpose of seeking legal advice. Defendant's claim of attorney-client privilege is denied. |
| Confidential and Seeks Legal Advice | Document reflects communications that the client intended to be confidential and that were made for the purposes of seeking legal advice. The attorney-client privilege is sustained. |

| Bates Nos./Document Description | Claim | Ruling | Reason for Ruling |
|---|---|---|---|
| 0000000001-0000000002<br>Notes from conversation with David Ball (AUSA) | WP<br>AC | Sustained<br>Denied | Opinion Work Product<br>Not Confidential |
| 0000000003-0000000004<br>Draft of Holleran declaration (eventually filed with a pleading in this case) | WP | Sustained | Opinion Work Product |
| 0000000005<br>Email from Patricia Chalfant (agency counsel) to William Vindal (Information Systems Director) re: email records | WP<br>AC | Sustained<br>Denied | Ordinary Work Product/No Substantial Need[1]<br>Not Confidential |
| 0000000006-0000000023<br>Legal memoranda from Patricia Chalfant (agency counsel) to various Navy employees and potential witnesses re: Jinks-Unstead case | WP<br>AC | Sustained<br>Denied | Ordinary Work Product/No Substantial Need[2]<br>Not Confidential |
| 0000000024<br>AUSA Ball's notes from conversation with potential witness | WP<br>AC | Sustained<br>Denied | Opinion Work Product<br>Does Not Seek Legal Advice |
| 0000000025-0000000045;<br>0000000135-0000000143<br>Draft Responses and Objections to Plaintiff's First Request for Admissions (prepared by AUSA Ball) | WP | Sustained | Opinion Work Product |

---

[1] It is clear from the face of the document that there can be no substantial need for the information because this email merely requests general information about the email system, and plaintiff has already received the emails that were maintained on the system and produced during discovery.

[2] There can be no substantial need for these documents because they simply request that the recipients do certain innocuous things to prepare for litigation.

| | | | |
|---|---|---|---|
| 0000000046-0000000066<br>Draft Responses and Objections to Plaintiff's First Request for Production of Documents<br>(prepared by AUSA Ball) | WP | Sustained | Opinion Work Product |
| 0000000067<br>Memo from Vindal to Chalfant re: Response to Interrogatory 6 | WP | Sustained | Ordinary Work Product/No Substantial Need[3] |
| 0000000068-0000000074<br>AUSA Ball's marked-up copy of Plaintiff's First Interrogatories | WP | Sustained | Opinion Work Product |
| 0000000075-0000000078;<br>0000000112;<br>0000000255-0000000256<br>Fax transmittal sheets from AUSA Ball to David Caron, Esq. and Chalfant (some of which contain Ball's handwritten notes) | WP<br>AC | Sustained<br>Denied | Ordinary Work Product/No Substantial Need[4]<br>Not Confidential<br>Does Not Seek Legal Advice |
| 0000000079-0000000098<br>AUSA Ball's marked-up copy of Plaintiff's Second Request for Production of Documents | WP | Sustained | Opinion Work Product |
| 0000000099-0000000111<br>Counsel's notes regarding discovery questions | WP | Sustained | Opinion Work Product |

---

[3] There can be no substantial need for the information because this document merely provides general information about the email system, and plaintiff has already received the emails that were maintained on the system and produced during discovery.

[4] Each document is a fax transmittal sheet asking for information by a date certain. There can be no substantial need for this information.

| | | | |
|---|---|---|---|
| 0000000113-0000000134 Draft Responses and Objections to Plaintiff's Second Request for Production of Documents (with handwritten edits by AUSA Ball) | WP | Sustained | Opinion Work Product |
| 0000000144-0000000148 Draft Defendant's First Requests for Admission | WP | Sustained | Opinion Work Product |
| 0000000149-0000000162; 0000000187-0000000200 Draft Defendant's Responses and Objections to Plaintiff's First Interrogatories | WP | Sustained | Opinion Work Product |
| 0000000163-0000000186; 0000000201-0000000224; 0000000225-0000000248 Draft Defendant's Responses and Objections to Plaintiff's Second Request for Production of Documents | WP | Sustained | Opinion Work Product |
| 0000000249-0000000254 AUSA Ball's marked-up copy of Plaintiff's Rule 30(b)(6) Notice of Deposition of Defendant Richard Danzig | WP | Sustained | Opinion Work Product |
| 0000000257-0000000265 Handwritten notes about the case (prepared for trial) | WP | Sustained | Opinion Work Product |
| 0000000266-0000000454 AUSA Ball's notes regarding trial preparation, including witness preparation and examination, and notes regarding motions in limine, motions to compel, and court rulings (notes also evaluate plaintiff's case and defendant's defenses, and some notes were taken at trial) | WP AC | Sustained as to work product | Opinion Work Product |

| | | | |
|---|---|---|---|
| 0000000501-0000000511 AUSA Ball's table of plaintiff's claims, defendant's responses, and proof | WP | Sustained | Opinion Work Product |
| 0000000512-0000000519; 0000000520-0000000526; 0000000527-0000000541; 0000000550-0000000561 Notes for and draft of closing argument | WP AC (for 50-61) | Sustained as to work product | Opinion Work Product |
| 0000000542-0000000549 Notes for closing, (including notes of examination of witnesses, cross of witnesses) | WP AC | Sustained as to work product | Opinion Work Product |
| 0000000562-0000000563 Emails between Chad Miller and Cynthia Guill re: request for production | WP AC | Sustained Denied | Ordinary Work Product/No Substantial Need[5] Does Not Seek Legal Advice |
| 0000000564-0000000574 AUSA Ball's notes from depositions of Navy agency counsel | WP | Sustained | Opinion Work Product |
| 0000000575-0000000582; 0000000611-0000000617; 0000000618-0000000624; 0000000625-0000000639; 0000000640-0000000643; 0000000649-0000000653 Drafts of defendant's pleadings | WP | Sustained | Opinion Work Product |
| 0000000583-0000000596; 0000000597-0000000610 AUSA Ball's marked-up copies of plaintiff's pleadings | WP | Sustained | Opinion Work Product |

---

[5] There can be no substantial need for this document because the email merely requests that the recipient produce responsive documents, and the recipient indicates that he has no such information.

| | | | |
|---|---|---|---|
| 0000000644<br>Email from AUSA Uldric Fiore to Weinstein re: supplemental response to Interrogatory #4 | WP | Sustained | Ordinary Work Product/No Substantial Need[6] |
| 0000000645-0000000648<br>Draft Defendant's Supplemental Response to Interrogatory #4 | WP | Sustained | Opinion Work Product |
| 0000000654<br>Email from Chalfant to Guill re: Chalfant deposition | WP<br>AC | Sustained<br>Sustained in part | Ordinary Work Product/No Substantial Need[7]<br>One sentence is confidential and seeks legal advice |

## IV. CONCLUSION

For the reasons stated herein, it is, hereby, **ORDERED** that defendant need not produce any of the documents submitted for *in camera* review. However, until plaintiff filed her motion to require the Navy to file its privilege log on the public record, the court was unaware that plaintiff had not received a copy of the privilege log. Defendant has since notified the court that it does not object to providing the privilege log to plaintiff.

Accordingly, it is, hereby **ORDERED** that <u>Plaintiff's Motion to Require Defendant to File Privilege Log in Public Record and Memorandum of Points and Authorities in Support Thereof</u> [#322] is **GRANTED.** Defendant shall file the privilege log it submitted to the court within 5 days of the date of this Order. If plaintiff believes that she has new arguments to advance in light of the privilege log, plaintiff will then have 10 days to submit any additional

---

[6] The document is a generic email asking for an attorney's input on a litigation matter. There can be no substantial need for this information.

[7] There can be no substantial need for this document because, with the exception of one sentence that is protected by the attorney-client privilege, the document discusses scheduling matters.

arguments regarding the privilege log and the documents described therein, and defendant will have 10 days to respond.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: