UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LAVONNE JINKS-UMSTEAD, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 99-2691(GK/JMF) |
| | ) | |
| GORDON ENGLAND, | ) | |
| SECRETARY OF THE NAVY, | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

This case was referred to me for resolution of discovery disputes. Currently before me is Plaintiff's Appeal and Motion to Reverse Magistrate Judge's December 12, 2005 Decision Upholding the Navy's Claims of Attorney-Client and Work Product Privileges and Memorandum of Points and Authorities in Support Thereof ("Mot. for Recon.").[1] Specifically, plaintiff moves me to reconsider my December 12, 2005 order denying Plaintiff's Motion to Reject Claims of Attorney-Client and Work Product Privileges and Memorandum of Points and Authorities in Support Thereof ("Pl.'s Mot. to Reject Claims of Priv.") on the ground that the crime-fraud exception to the work product doctrine requires the production of certain government documents. As discussed below, because plaintiff has failed to present any change of law, newly discovered evidence, clear error, or manifest injustice, her motion is, hereby, **DENIED**.

**I.    BACKGROUND**

This case was tried before a jury from June 23, 2003 through July 1, 2003, which resulted

---

[1] Plaintiff's motion was initially filed as an appeal to be resolved by Judge Kessler, but plaintiff was instructed to refile the motion as a motion for reconsideration, which plaintiff did on December 23, 2005.

in judgment for the Navy. However, on February 6, 2004, Judge Kessler granted plaintiff's motion for a new trial on the ground that the Navy did not produce, until the fourth day of trial, highly relevant documents called Work In Progress Reports ("WIP Reports"). On April 15, 2004, Judge Kessler granted plaintiff's motion to conduct limited discovery into the Navy's dilatory production of documents.

     Pursuant to Judge Kessler's order for allowing additional discovery, plaintiff served two sets of document requests. The Navy responded to many of the requests with claims of privilege. Subsequently, pursuant to <u>Plaintiff's Motion to Require the Navy to Prepare a Privilege Log or to Submit to the Court for *In Camera* Review All Documents for Which a Claim of Privilege is Asserted</u>, I ordered that the Navy submit the assertedly privileged documents for *in camera* review. After reviewing the documents, I determined that the Navy need not produce any of the documents. However, because plaintiff had not been provided a copy of the Navy's privilege log, I allowed her ten days to submit additional arguments based on her review of the privilege log. Accordingly, on September 14, 2005, plaintiff filed a motion to reject the Navy's claims of attorney-client and work product privileges. On December 12, 2005, I issued an order denying plaintiff's motion. Plaintiff now moves me to reconsider that order.

**II.    DISCUSSION**

     "A trial court has broad discretion to grant or deny a motion for reconsideration and will revise its decision only if it finds '(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or manifest injustice.'" <u>Higbee v. Billington</u>, 290 F.Supp.2d 105, 106 (D.D.C. 2003) (quoting <u>Regency Communications, Inc. v. Cleartel Communications, Inc.</u>, 212 F.Supp.2d 1, 3 (D.D.C. 2002). Because plaintiff points to

absolutely no change in the controlling law or newly available evidence, she must demonstrate that my December 12, 2005 order was *clearly erroneous or manifestly unjust*. I find that she has not so demonstrated.

In moving for reconsideration, plaintiff simply rehashes her argument that the government engaged in discovery misconduct warranting the application of the crime-fraud exception to the work product doctrine. Nowhere in her motion does she even acknowledge that the court will only reconsider its prior orders under limited circumstances. And nowhere does she attempt to argue that reconsideration is necessary in this case to correct clear error or manifest injustice. With this in mind, I will briefly summarize my prior rejection of her argument.

Work product protection can be overcome by a showing that the client consulted with the attorney in furtherance of a crime or fraud. In re Sealed Case, 107 F.3d 46, 51 (D.C. Cir. 1997) (citing In re Sealed Case, 676 F.2d 793, 811-12 (D.C. Cir. 1982)). In determining whether this exception, known as the crime-fraud exception, applies, courts make a two step inquiry: "First, there must be a prima facie showing of a violation sufficiently serious to defeat the work product privilege. Second, the court must find some valid relationship between the work product [at issue] and the prima facie violation." In re Sealed Case, 676 F.2d at 814-15. The relevant question is: "Did the client consult the lawyer or use the material for the purpose of committing a crime or fraud?" Id. The crime-fraud exception is no longer limited to just criminal or fraudulent conduct. Specifically, this circuit has framed the exception as applicable when there is a "crime, fraud, *or other type of misconduct that is fundamentally inconsistent with the basic premises of the adversary system*." In re Sealed Case, 754 F.2d 395, 399 (D.C. Cir. 1985) (emphasis added).

Admitting that the alleged conduct at issue here was neither criminal nor fraudulent, plaintiff argues that the government engaged in discovery misconduct that warrants the application of the crime-fraud exception. Specifically, plaintiff asks that the court infer from the government's alleged discovery omissions and inaccuracies that the government consulted with its attorneys as part of a bad faith effort to cover-up discriminatory conduct towards plaintiff. However, as explained in my December 12, 2005 order, the case law simply does not support the expansion of the exception to the facts of this case. Plaintiff cited no precedent and I found no precedent requiring me to expand the crime-fraud exception to inaccuracies and omissions in discovery absent *prima facie* evidence of a cover-up. I found, and still find, that plaintiff has not presented sufficient evidence that the Navy consulted with its attorneys with the intent to cover-up discrimination – all she has shown, if believed by a trier of fact, is that the Navy made statements in discovery that were incorrect. As plaintiff herself admitted, she does not know "whether the [Navy's] misstatements [relating to discovery] were made intentionally in furtherance of a cover-up of the discrimination and retaliation, or whether the failure to produce the responsive documents requested by plaintiff *was merely negligent*." Pl.'s Mot. to Reject Claims of Priv. at 8 (emphasis added). Moreover, the Navy was already sanctioned for its failure to provide timely and complete discovery responses when Judge Kessler overturned the judgment in its favor and granted plaintiff's motion for a new trial.

In moving for reconsideration, plaintiff fails to acknowledge that I have reviewed the documents *in camera*. Even if plaintiff had established a *prima facie* case of a cover-up, which I found she did not, the documents would have negated such a finding. There is absolutely nothing in the documents that plaintiff seeks to have compelled to support the application of the crime-

4

fraud exception.

Accordingly, I find that plaintiff has failed to convince me that my prior ruling was clearly erroneous or manifestly unjust.

### III.   CONCLUSION

For the forgoing reasons, plaintiff's motion for reconsideration is denied.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: