UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LAVONNE JINKS-UMSTEAD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 99-2691 (GK) |
| | : | |
| GORDON R. ENGLAND, | : | |
| Secretary of the Navy, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

After the first trial in this case, Defendant filed a Bill of Costs for $2,230.35. That request was stayed on August 7, 2003. After the second trial, Defendant filed a Bill of Costs for $11,417.01. Plaintiff has filed a partial Opposition to both of Defendant's Bills of Costs and Defendant has filed a Reply. Upon consideration of those pleadings, as well as the entire record in this case, the Court concludes that Defendant's two Bills of Costs should be **granted in part and denied in part** for the following reasons.

1. As to the Bill of Costs for the 2003 trial, the Plaintiff agrees that the Navy is entitled to copying charges of $14.50. Even though the Defendant prevailed at that trial, the verdict had to be set aside and a new trial ordered because of the Defendant's violation of disclosure and discovery rules. Consequently, the Defendant can not be viewed as the prevailing party at the first trial and it is entitled to only $14.50 in costs.

2. As to the second Bill of Costs, the Defendants seeks $159.72 in "binders and tabs." There is no authority for such costs and they will not be allowed.

3.       In the second Bill of Costs, Defendant also requests $7,901.34 in court reporter fees and $3,35.95 in witness fees. As to the former, given the fact that the Navy provided only an estimated cost for the 2006 trial transcript and never provided any receipts showing it had actually ordered such transcript, as well as the Plaintiff's unrebutted statement that the transcript will be included in the Joint Appendix on appeal, the $7,901.34 will not be allowed as costs. As to witness fees, the Navy seeks $3,355.95 in travel costs and witness fees for both the 2003 and 2006 trials. The Defendant has not offered a satisfactory response to Plaintiff's objections. The witness fees for the 2003 trial will be disallowed because that verdict, as noted earlier, had to be set aside because of Defendant's failure to comply with applicable discovery rules and procedures. As to the 2006 trial, it should be noted that Defendant has failed to provide any travel receipts whatsoever. Plaintiff concedes that Defendant is entitled to $322.25 for payment of Ms. Schnakenberg's witness fee and per diem. No documentation was provided for the travel costs for either Poindexter or Obie, and therefore they will be denied. Both those witnesses are entitled to their witness fees for their testimony in the 2006 trial and the Defendant may be awarded $80 as costs for their witness fees.

Accordingly, Defendant is awarded a total of $416.75 in costs.

November 21, 2006                             /s/
                                              Gladys Kessler
                                              United States District Judge

**Copies via ECF to all counsel of record**